**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICKIE DWIGHT MANESS,                    :

      Plaintiff,                          :

v.                                       :    CASE NO: 8:08-cv-          -T-

TAMPA SPORTS AUTHORITY; CITY             :
OF TEMPLE TERRACE; SCOTT                 :
WORTON, in his individual capacity as a  :
Temple Terrace Police Officer, and       :
TODD LYONS in his individual capacity    :
as a Temple Terrace Police Officer,      :

      Defendants.                         :
                                         :

---

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, RICKIE DWIGHT MANESS by and through his undersigned counsel, and hereby sues the defendants, Tampa Sports Authority, City of Temple Terrace, Scott Worton, and Todd Lyons, and alleges:

### INTRODUCTION

1. This is an action brought by a United States citizen, who at the time of the incident was a Senior Special Agent with the Immigration and Customs Enforcement Division of the United States Department of Homeland Security, and who was the victim of the use of excessive force and false arrest by Temple Terrace Police Officers Scott Worton and Todd Lyons.

2. Plaintiff alleges violation of his federal civil rights, specifically his Fourth and Fourteenth Amendment right to be free from seizures rendered unreasonable by a law enforcement officer's use of unreasonable and excessive force in effecting a seizure. Plaintiff also alleges that Defendants Scott

Worton and Todd Lyons committed the state common law tort of battery.  Plaintiff also alleges violations of his Fourth and Fourteenth Amendment right to be free from arrests without arguable probable cause.  He also alleges that Defendants Scott Worton and Todd Lyons committed the state law tort of false arrest. Plaintiff seeks declaratory and compensatory relief, and costs, including his attorneys' fees.

<u>JURISDICTION AND VENUE</u>

3.  This action arises under 42 U.S.C. §§ 1983 & 1988 and Florida common law.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367.

4.  All incidents material to this action occurred in Tampa, Florida and defendants reside in Hillsborough County, Florida.   Venue is proper in this Court pursuant to Local Rule 1.02(b)(4).

<u>PARTIES</u>

5.  Plaintiff Rickie Maness is an adult United States citizen and, at all relevant times, was a resident of the State of Florida and of Lee County.

6.  Defendants Scott Worton and Todd Lyons were, at all times relevant to the matters addressed in this lawsuit, employed as officers with the Temple Terrace Police Department and the Tampa Sports Authority and are sued in their individual capacities only.

7.  Defendant City of Temple Terrace is a Florida municipality and the defendant Tampa Sports Authority is a political subdivision of the State of Florida.

<u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

8.  Plaintiff timely filed notice with the City of Temple Terrace and the Tampa Sports

Authority pursuant to § 768.28, Fla. Stat. (2005), regarding his supplemental state tort claims against the Temple Terrace Police Department and the Tampa Sports Authority. Plaintiff also has provided defendant City of Temple Terrace and the Tampa Sports Authority the required amount of time to resolve his claims. There is no administrative exhaustion requirement regarding plaintiff's civil rights claims under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On September 19, 2004, plaintiff, Rickie Maness, an off-duty Senior Special Agent with the Immigration and Customs Enforcement Division of the United States Department of Homeland Security, attended a Tampa Bay Buccaneers football game at Tampa Stadium.

10. He was accompanied by his wife, Karen Miller-Maness. Mr. and Mrs. Maness had been Buccaneers season ticket holders since 1999, and assigned to the same two seats since that time.

11. They watched as another fan draped a small American flag from the stadium railing. A Temple Terrace Police Department Officer also working as an agent of the Tampa Sports Authority, Scott Worton, ejected both the patron displaying the flag and the man sitting next to him. Worton also ejected both men's wives from the stadium.

12. Karen Miller-Maness, an attorney, drew closer to observe Officer Worton's actions, and, if appropriate, to file a complaint with the appropriate authorities.

13. Shortly thereafter, Rickie Maness followed his wife, and as he approached her he observed another Temple Terrace Police Officer, also working as an agent of the Tampa Sports Authority, Todd Lyons, screaming at Karen Miller-Maness, pointing his finger in her face, and threatening, "You want to go to jail, too?" Maness watched as Lyons approached Miller-Maness

3

aggressively. She backpedaled as Lyons approached, increasingly hostile toward her.

14. Maness believed that his wife would be physically assaulted or battered by Lyons.

15. In response, Maness removed his official federal law enforcement credentials from his pocket, held them at eye level, verbally identified himself as a law enforcement officer, and slowly approached Lyons.

16. Referring to his wife, Maness told Lyons, "She didn't do anything. You don't have to talk to her like that."

17. Lyons angrily turned to Maness and asked, "You want to go, too?" Maness replied: "I'm a police officer. I didn't do anything, she didn't do anything, and you're being unprofessional."

18. Lyons replied: "If you're a police officer, you should know better."

19. Maness did not have an opportunity to reply to Lyons before he was battered forcefully from behind by Worton. Worton grabbed Maness by the right arm, started pulling him to the ground, and yelled: "You're going down!"

20. Maness was in shock. After a moment, he asked Worton, "Are you out of your mind? I'm a police officer. I didn't do anything!"

21. Worton responded, "I don't give a f . . . who you are." Worton slapped Maness' badge out of his hand, and grabbed Maness again.

22. Lyons then hit Maness from behind, slamming him into a wall, dazing Maness momentarily. Other officers grabbed Maness, forcing him to the ground.

24. Maness and his wife both yelled repeatedly that Maness is a police officer. One officer then kicked Maness, and another grabbed his head, forcing it into the pavement. Three or four officers were on top of Maness. Pointing at his credentials on the ground, Maness yelled to the

officers: "There's my badge. I'm a police officer."

25. A Tampa Police Department Officer then pulled Maness' arm back and secured a handcuff. At that moment, Maness felt severe pain, and realized that he was being shocked with a TASER.

26. Officers then escorted Maness to a holding cell in the stadium, where he remained for two hours.

27. He was then transported to the Hillsborough County Jail, where he was booked for allegedly committing three felonies: two counts of battery on a law enforcement officer, and one count of resisting arrest with violence.

28. Seven months later, the State Attorney's Office declined to prosecute Maness for any criminal offense.

29. Maness suffered multiple bruises, abrasions, and swelling to his face and head, a broken tooth, a strained neck, shoulder, and back, and severe pain in the right hip. He suffered multiple compressions in the neck area, requiring surgery. Several more areas in his neck were pinched, causing numbness and pain in both arms. He also suffered humiliation, embarrassment, inconvenience, and harm to his reputation.

<u>COUNT I</u>

(42 U.S.C. § 1983 Claim Against Defendants Worton and Lyons)

Plaintiff sues defendants Worton and Lyons, and states:

30. All allegations of paragraphs 1 through 29 are realleged in full and adopted herein.

31. Defendants Worton and Lyons effected an unreasonable seizure of plaintiff in that the

5

force used was unreasonable and excessive, and there was no arguable probable cause for the seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and actionable through 42 U.S.C. § 1983.

32. As a result of defendants Worton's and Lyons' use of excessive force and seizure without arguable probable cause against plaintiff, plaintiff suffered the losses described in ¶ 29.

## COUNT II

(Supplemental State Tort Claims Against City of Temple Terrace
and Tampa Sports Authority)

Plaintiff sues defendants City of Temple Terrace and the Tampa Sports Authority and states:

33. All allegations of paragraphs 1 through 29 are realleged in full and adopted herein.

34. Defendants Worton and Lyons battered and falsely arrested Rickie Maness, which is actionable against defendants City of Temple Terrace and Tampa Sports Authority pursuant to § 768.28, Fla. Stat. (2005).

35. As a result of defendants Worton's and Lyons' battery and false arrest of plaintiff, he suffered the losses described in ¶ 29.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Rickie Maness prays that this Court will enter relief in the following terms:

1. A judgment for compensatory relief on Counts I and II;

2. An award of costs, including attorney's fees, on Count I, pursuant to 42 U.S.C. § 1988;

3. An award of standard costs on Count I and Count II; and

4.  Such other relief as the Court deems just and proper.

Finally, plaintiff request a trial by jury.

Respectfully submitted this
19th day of March, 2008,

FARMER AND FITZGERALD, P.A.

Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
708 E. Jackson St.
Tampa, Florida 33602
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

TRIAL COUNSEL FOR PLAINTIFF

7