IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKIE DWIGHT MANESS,

    Plaintiff,

CASE NO.: 8:08-cv-518-T-23MSS

v.

TAMPA SPORTS AUTHORITY; CITY
OF TEMPLE TERRACE; SCOTT
WORTON, in his individual capacity as a
Temple Terrace Police Officer; and
TODD LYONS in his individual capacity
as a Temple Terrace Police Officer,

    Defendants.
_____/

## ANSWER AND DEFENSES OF DEFENDANT, TODD LYONS

The Defendant, TODD LYONS, by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Unknown and therefore denied as to Plaintiff's status and employment history. It is denied that Plaintiff was the victim of excessive force or false arrest.

2. It is admitted that Plaintiff alleges that he was the victim of excessive force. Defendant expressly denies this allegation, and further denies that Plaintiff was falsely arrested.

3. It is admitted that Plaintiff seeks damages but it is denied that any damages are appropriate.

4. It is admitted that venue is proper in this Court, and it is also admitted that the incident giving rise to this claim occurred in Tampa, Florida. Otherwise denied as worded.

5. Unknown and therefore denied.

6. It is admitted that Plaintiff has sued Scott Worton and Todd Lyons in their individual capacities but denied that any damages are appropriate.

7. Admit.

8. Unknown and therefore denied.

9. It is admitted that the Plaintiff attended a Tampa Bay Buccaneers football game on September 19, 2004. Unknown and therefore denied as to Plaintiff's employment status.

10. Unknown and therefore denied.

11. Unknown and therefore denied.

12. Unknown and therefore denied.

13. Denied.

14. Unknown and therefore denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. There is no paragraph 23 in Plaintiff's Complaint.

24. Denied.

25. Denied.

26. Unknown and therefore denied.

27. Unknown and therefore denied.

28. Unknown and therefore denied.

29. Denied.

## COUNT I – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANTS WORTON AND LYONS

30. Defendant incorporates in reference our responses to paragraphs 1-29 as if fully stated herein.

31. Denied.

32. Denied.

## COUNT II – SUPPLEMENTAL STATE TORT CLAIMS AGAINST CITY OF TEMPLE TERRACE AND TAMPA SPORTS AUTHORITY

The allegations in Count I (paragraphs 33-35) do not attempt to state a cause of action against Defendant. However, to the extent Defendant is implicated, Defendant denies each and every allegation contained therein.

36. Any and all allegations in Plaintiff's Complaint not specifically answered hereto for are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant states that the Plaintiff's claims are limited and should be reduced by the total amount of all collateral sources paid or payable to Plaintiff, including but not limited to amounts paid or payable pursuant to Florida Statute §627.7372, §627.736 and §768.76.

## SECOND DEFENSE

Any use of force by Defendant and its employees was justifiable and privileged under Chapter 776, Fla. Stat. (2004).

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim for relief as a matter of law. Accordingly, Defendant is entitled to a dismissal.

## FOURTH DEFENSE

Defendant affirmatively asserts that the actions taken by his appointees did not constitute excessive use of force, and did not involve any violation of any constitutional rights of Plaintiff. Further, Defendants were at all times acting in good faith, and any use of force was justifiable under the circumstances.

## FIFTH DEFENSE

To the extent applicable, Defendant hereby invokes all protections available under Florida's sovereign immunity statute, including, but not limited to, those provided by § 768.28(5) and § 768.28(9)(a), Fla. Stat. (2004).

## SIXTH DEFENSE

Defendant affirmatively asserts that Plaintiff's claims are barred pursuant to the terms of Chapter 776.085, Fla. Stat. (2004).

## SEVENTH DEFENSE

Defendant affirmatively asserts that Plaintiff's claims against him are barred pursuant to the doctrine of qualified immunity.

WHEREFORE, Defendant, TODD LYONS, seeks the entry of an Order Dismissing Plaintiff's Complaint, costs, and any other relief this Court deems just. Defendant further requests trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following **MATTHEW P. FARMER, ESQUIRE,** *Attorney for Plaintiff,* 708 E. Jackson Street, Tampa, Florida 33602 and **RICHARD ZABAK, ESQUIRE**, *Attorney for Co-Defendant,* 201 North Franklin Street, Suite 2200, Tampa, Florida 33602.

s/Matthew L. Wilson
Matthew L. Wilson, Esquire
Florida Bar No.: 0086819
Robert M. Stoler, Esquire
Florida Bar No.: 816256
WILLIAMS, SCHIFINO, MANGIONE
& STEADY, P.A.
P.O. Box 380
Tampa, Florida 33601-0380
TEL: 813-221-2626
FAX: 813-221-7335