IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKIE DWIGHT MANESS,

Plaintiff,

v.                                          Case No. 8:08-cv-518-T-23TBM

TAMPA SPORTS AUTHORITY;
CITY OF TEMPLE TERRACE;
SCOTT WORTON, in his individual
capacity as a Temple Terrace Police
Officer, and TODD LYONS, in his
individual capacity as a Temple
Terrace Police Officer,

Defendants.
_____/

### SWORN AFFIDAVIT OF STEPHEN REED IN SUPPORT OF TAMPA SPORTS AUTHORITY'S MOTION FOR FINAL SUMMARY JUDGMENT

STATE OF FLORIDA            )
COUNTY OF HILLSBOROUGH    )

BEFORE ME, the undersigned authority, duly authorized to take acknowledgments and administer oaths in the State and County aforesaid, personally appeared STEPHEN REED, who after being duly sworn on oath, deposes and says:

1.    I am over the age of eighteen (18) years and have personal knowledge of all of the facts set forth herein.

2.    I am the Event Coordinator of Tampa Sports Authority and have worked for Tampa Sports Authority for twelve (12) years.

3.    Tampa Sports Authority owns and manages Raymond James Stadium ("stadium"). Furthermore, Tampa Sports Authority staffs events at the stadium, including, but

RM:6626537:1

not limited to, Tampa Bay Buccaneers football games, with its own employees and Sentry Event Services, Inc. security officers in addition to off-duty police officers.

4.    On or about September 19, 2004, Tampa Sports Authority had no contract with the Temple Terrace Police Department to provide law enforcement services at the stadium with off-duty Temple Terrace police officers.

5.    At that time, Tampa Sports Authority had a permit system with the Tampa Police Department to provide law enforcement services at the stadium with off-duty Tampa Police Department officers.

6.    The Tampa Bay Buccaneers game at the stadium that is the subject of the Complaint required more off-duty police officers than the Tampa Police Department could accommodate, so the Tampa Police Department contacted the Temple Terrace Police Department, which provided additional off-duty police officers for the event.

7.    The Temple Terrace police officers who staffed the football game, including Defendants Scott Worton and Todd Lyons, attended a briefing prior to beginning their off-duty job at the stadium.

8.    The briefing was designed to help the officers familiarize themselves with the other off-duty officers, in addition to Tampa Sports Authority employees and Sentry security officers, working in their assigned areas, and to discuss fire evacuation procedures.

9.    No direction, training or guidance on law enforcement duties was provided during the briefing by any Tampa Sports Authority representative to any law enforcement officer.

10.    At all times on September 19, 2004, the Temple Terrace police officers were wearing their Temple Terrace Police Department uniforms while working at the football game at the stadium.

RM:6626537:1

2

11.    Tampa Sports Authority did not direct, approve, or supervise Temple Terrace Police Department's law enforcement actions or duties.

12.    Conversely, Tampa Sports Authority directed its own employees and officials on how to interact with patrons at the stadium relative to Tampa Sports Authority's policies and procedures.

13.    As a general policy, if Tampa Sports Authority officials or Sentry security guards cannot enforce the stadium's policies and procedures, Tampa Sports Authority employees and/or Sentry security guards will then ask the off-duty law enforcement officers for assistance.

14.    If a crime is being committed, the off-duty police officers will address the situation because it is outside the scope of Tampa Sports Authority's legal authority.  In that regard, the law enforcement officers act in their law enforcement capacity and never as agents of Tampa Sports Authority.

15.    On September 19, 2004, Tampa Sports Authority relied on the training and experience that the commissioned law enforcement officers, including Defendants Scott Worton and Todd Lyons, received and expected them to carry out their law enforcement duties as police officers at Tampa Sports Authority events.

FURTHER AFFIANT SAYETH NAUGHT.

STEPHEN REED

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, the foregoing instrument was acknowledged before me by STEPHEN REED, who is personally known to me or who has produced _____ as identification.

WITNESS my hand and official seal in the County and State last aforesaid this 22 day of July, 2009.

My Commission Expires:

RM:6626537:1

MAUREEN H. MYERS
Notary Public-State of Florida
My Comm. Exp. May 14, 2010
Comm. #DD 543133

Notary Public

Maureen H Myers
Printed Name of Notary Public

3