IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICKIE DWIGHT MANESS,**

    Plaintiff,

v.                                                                  Case No. 8:08-cv-518-T-23TBM

**TAMPA SPORTS AUTHORITY;
CITY OF TEMPLE TERRACE;
SCOTT WORTON, in his individual
capacity as a Temple Terrace Police
Officer, and TODD LYONS, in his
individual capacity as a Temple
Terrace Police Officer,**

    Defendants.

_____/

## DEFENDANT, TAMPA SPORTS AUTHORITY'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, TAMPA SPORTS AUTHORITY (hereinafter "TSA"), by and through undersigned counsel, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure (2009), hereby moves the Court to dismiss the claims against it and in support of its Motion, states as follows:

Plaintiff's operative Complaint, filed in the U.S. Middle District of Florida on March 19, 2008, alleges a claim under 42 U.S.C. § 1983 against Defendants, SCOTT WORTON and TODD LYONS, over which the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. #1]. The Complaint also contains state law tort claims against Defendants, CITY OF TEMPLE TERRACE and TAMPA SPORTS AUTHORITY, over which the Court exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Id.*

On September 3, 2009, Plaintiff filed an Unopposed Motion to Dismiss Defendants, City of Temple Terrace, Worton and Lyons with the Court. [Doc. #72]. On September 4, the date of the filing of this Motion, this Court entered an Order granting the Plaintiff's Motion to Dismiss

RM:6753084:1

the Plaintiff's claims against the City of Temple Terrace, Scott Worton and Todd Lyons *with prejudice*, and thereby dismissed the City of Temple Terrace, Scott Worton and Todd Lyons as parties to this action. [Doc. #73]. As a result, the only pending claims in this action are the state law claims against this Defendant. Because the Court no longer has subject matter jurisdiction over Plaintiff's claims, TSA hereby requests that this Court dismiss Plaintiff's claims.

## MEMORANDUM OF LAW

After all federal claims have been dismissed and where the only remaining claims before it are state claims, a district court has discretion to discontinue its exercise of supplemental jurisdiction over the state claims. *Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1352-53 (11th Cir. 1997). As admonished by the Eleventh Circuit, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Hardy v. Birmingham Board of Education*, 954 F.2d 1546, 1553 (11th Cir. 1997). This is especially applicable where all pending federal law claims are dismissed prior to trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial). Furthermore, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The pending claim against TSA remains before the Court pursuant to its discretionary supplemental jurisdiction. The statutory provision addressing supplemental jurisdiction provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United Stated Constitution.

28 U.S.C. § 1367(a). Of significance, the requirement contained in § 1367(a) that this Court

RM:6753084:1

exercise its supplemental jurisdiction over Plaintiffs' state law claim is subject to certain enumerated instances in which it is appropriate for a federal court to *decline to continue* to exercise its supplemental jurisdiction over a case. (emphasis added). Those circumstances are set forth in Section 1367(c), which provides:

> The District Courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The federal claims over which this Court had original jurisdiction have now been dismissed. Further, this dismissal will not disadvantage Plaintiff should he elect to bring suit in state court because the period of limitations for the claims against TSA was tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d). Specifically, Section 1367(d), states as follows:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

*Id.*

WHEREFORE, Defendant, TAMPA SPORTS AUTHORITY, moves this Court to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and the authority stated above.

RM:6753084:1

3

Respectfully submitted,

/s Erica Vitsky
Steven A. Anderson, Esq./FL Bar No. 171742
Erica Vitsky, Esq./FL Bar No. 0183903
Ruden, McClosky, Smith, Schuster & Russell, P.A.
401 E. Jackson Street
Tampa, FL 33602
Tel: 813-222-6600/Fax: 813-222-6666
Attorneys for Defendant,
Tampa Sports Authority
Erica.Vitsky@ruden.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2009, a true and correct copy of the foregoing was furnished by CM/ECF to the following: Matthew P. Farmer, Esq., Farmer & Fitzgerald, P.A., 708 E. Jackson St., Tampa, FL 33602.

s/ Erica Vitsky, Esq.

RM:6753084:1

4