UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKIE DWIGHT MANESS,

    Plaintiff,

v.                                      CASE NO: 8:08-cv-518-T-23TBM

TAMPA SPORTS AUTHORITY, et al.,

    Defendants.
_____/

## ORDER

At the plaintiff's request, a September 4, 2009, order (Doc. 74) dismisses with prejudice the plaintiff's claims against the City of Temple Terrace, Scott Worton, and Todd Lyons. Accordingly, only the plaintiff's state law claims against the Tampa Sports Authority remain pending. Pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, the defendant Tampa Sports Authority moves (Doc. 79) to dismiss this action for lack of subject matter jurisdiction. In response, the plaintiff states only that "the issue should be committed to the sound discretion of this Court." (Doc. 80 at 1) Pre-trial disposition of the plaintiff's claims under 42 U.S.C. § 1983, the sole basis for federal jurisdiction over this lawsuit, presents an occasion for discretion in exercising subject matter jurisdiction over the plaintiff's remaining claims. See 28 U.S.C. § 1367(c)(3). Because the remaining claims require resolution of a substantial question of state law, the Tampa Sports Authority's motion (Doc. 79) is **GRANTED**. See, e.g., Rice v. Branigar Organization, Inc., 922 F.2d 788, 792 (11th Cir. 1991). The exercise of

supplemental jurisdiction over the plaintiff's remaining claims is **DECLINED**, and the plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on September 11, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE